IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALVIN MARTIN,

    Plaintiff,

v.                                                                                                                   CV 17-1198 KG/JHR

OFFICER M. FULLER and
SGT. RHYNE,

    Defendants.

## **PROPOSED FINDINGS AND RECOMMENDATION**

This matter comes before Court on Defendant Fuller and Defendant Rhyne's *Martinez Report* including Defendant Fuller's Motion to Dismiss and Defendant Rhyne's Motion for Summary Judgment [Doc. 26], filed July 17, 2019. The Honorable Kenneth J. Gonzales referred this case to me to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. [Doc. 3]. Having reviewed the submissions of the parties, and being fully advised, I find that (1) Mr. Martin has not stated a cognizable claim against Defendant Fuller and (2) Defendant Rhyne is entitled to judgment as a matter of law because Mr. Martin has not established a genuine issue of material fact as to whether Defendant Rhyne violated his constitutional rights. I therefore recommend that the Court dismiss Mr. Martin's claim against Defendant Fuller with prejudice and grant summary judgment in favor of Defendant Rhyne.

**I.**     **FACTUAL AND PROCEDURAL BACKGROUND**[1]

At approximately 11:40 a.m. on January 4, 2017, Mr. Martin encountered Defendant Fuller and Defendant Rhyne when he was called out of his pod to sign some paperwork. [Doc. 1, pp. 10-

---

[1] On the record currently before the Court, the facts in this section are undisputed, except as noted.

11; Doc. 26-2, pp. 1, 4; Doc. 26-4, p. 4]. Mr. Martin lifted and replaced the lid on a covered food tray nearby. [DVD 10406 MUOF H2 D SPACE RHYNE A MARTIN (DVD)[2] 00:16-00:18]. Mr. Martin was directed either to put the tray down or to refrain from touching the food trays. [Doc. 1, pp. 10-11; Doc. 26-2, pp. 1, 4; Doc. 26-4, p. 4]. Mr. Martin's response was verbally aggressive, and he took what Defendants perceived as an aggressive stance. [*Id.*]. Mr. Martin refused to place his hands on the wall[3] after being directed to do so at least twice.[4] [Doc. 1, p. 10; Doc. 26-2, pp. 1, 4; DVD 00:36-00:50]. Defendant Rhyne dispersed pepper spray toward Mr. Martin's face. [DVD 00:50-00:052]. Mr. Martin did not immediately place his hands on the wall. [DVD 00:52-01:01]. Defendant Rhyne disbursed pepper spray toward Mr. Martin's face a second time. [DVD 01:01-01:03]. After the second spray was disbursed, Mr. Martin placed his hands on the wall. [DVD 01:05]. Mr. Martin submitted to wrist restraints without further incident.[5] [DVD 01:33-01:43]. An Inmate Use of Force Injury Report indicates that Mr. Martin was taken to the facility's nurse at approximately 11:45 a.m. but refused medical treatment. [Doc. 26-2, pp. 6-8].

Mr. Martin filed an informal inmate complaint on January 23, 2017. [Doc. 1, p. 7]. The complaint was not resolved, and Mr. Martin timely pursued a formal grievance, which was denied. [*Id.*, pp. 8-13]. Mr. Martin appealed the denial of his grievance and the appeal was referred on

---

[2] The two-minute video recording of the incident does not include audio. [DVD 00:00-00:200].

[3] Mr. Martin's account, Defendant's Rhyne's statement, and the inmate grievance investigation log indicate that Mr. Martin was directed to place his hands against the wall, while Defendant Fuller's statement and an incident report completed by Lieutenant K. Douglas indicate that Mr. Martin was directed to place his hands behind his back. [Doc. 1, pp. 3, 9, 10, 13; Doc. 26-2, pp. 1, 3, 4]. The video evidence shows that the incident ended when Mr. Martin placed his hands on the wall. [DVD 01:05-01:43].

[4] Mr. Martin's account indicates that Defendant Rhyne directed him to place his hands against the wall twice, that he did not comply, and after the second failure to comply Defendant Rhyne began counting. [Doc. 1, p. 10]. Defendant Rhyne's statement indicates that Mr. Martin refused "several" instructions to place his hands against the wall.

[5] While Mr. Martin initially claimed that he was sprayed with pepper spray three times during the incident, in his Response, Mr. Martin concedes that the pepper spray was only disbursed twice, which is consistent with the video evidence. [Doc. 29, p. 3; DVD 01:33-01:43].

March 17, 2017. [*Id.*, pp. 12-14]. There is no dispute that Mr. Martin exhausted his administrative remedies.

On December 4, 2017, Mr. Martin brought this action, under 42 U.S.C. § 1983 (2012) and 28 U.S.C. § 1915(e)(2) (2012). [Doc. 1, pp. 1-6]. Mr. Martin alleges that Defendants used excessive force in violation of the Eighth Amendment of the United States Constitution. [*Id.*]. Defendant Fuller seeks dismissal of the claim against him, asserting that Mr. Martin has failed to state a cognizable claim for excessive force claim against him. [Doc. 26, pp. 4-7]. Defendant Rhyne seeks summary judgment in his favor, asserting that there are no genuine issues of material fact as to whether the use of force against Mr. Martin was excessive. [*Id.*, pp. 7-10].

**II.    ANALYSIS**

Plaintiff brings his constitutional claims pursuant to 42 U.S.C. § 1983. [Doc. 1, pp. 1-6]. "A cause of action under section 1983 requires the deprivation of a civil right by a person acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000) (internal quotation marks and citation omitted). Under § 1983, the plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask*, 446 F.3d at 1046.

**A. Plaintiff has Failed to State a Cognizable Eighth Amendment Excessive Force Claim Against Defendant Fuller**

The Court has discretion to dismiss an in forma pauperis complaint under § 1915(e)(2) "at any time if ... the action ... is frivolous or malicious; [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The Court may also dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure if "it is patently obvious that the plaintiff could not prevail

on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (internal quotation marks and citation omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Because Mr. Martin is pro se, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, ... confusion of various legal theories, ... poor syntax and sentence construction, or ... unfamiliarity with pleading requirements." *Id.*

Here, Mr. Martin alleges that Defendant Fuller violated his rights under the Eighth Amendment by speaking to him in a hostile, abusive, and threatening manner after he picked up the lid to the lunch tray and again after he complied with Defendants' instructions to place is hands on the wall. [Doc. 1, pp. 2-3]. The United States Constitution prohibits cruel and unusual punishments. U.S. Const. amend. VIII. An inmate's Eighth Amendment rights are implicated when a prison official subjects the inmate to excessive force. *See Hudson v. McMillian*, 503 U.S. 1, 4 (1992). However, claims of verbal insults, threats, or derogatory remarks, standing alone, are not sufficient to state an Eighth Amendment violation. *Moore v. Morris*, 116 F. App'x 203, 205 (10th Cir. 2004) ("[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); *McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001) (same); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (holding that

verbal harassment or abuse toward a prisoner does not state constitutional deprivation actionable under § 1983). Without more, threatening language or gestures of a custodial officer, even if true, do not amount to constitutional violations. *Id.*; *see Cowles-Sims v. Fields*, 72 F. App'x. 827, 831 (10th Cir. 2003); *Curiale v. Hawkins*, 139 F. App'x. 21, 23 (10th Cir. 2005).

Here, the alleged verbal abuse, derogation, and threats by Defendant Fuller, if true, are not sufficient to constitute excessive force in violation of the Eighth Amendment. Accordingly, I find that Mr. Martin has failed to state a cognizable Eighth Amendment claim for excessive force against Defendant Fuller and recommend that the claim be dismissed.

When dismissing the complaint in whole or in part, the Court is to consider whether to allow the plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) ("[If] it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend."). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991). "Complaints drafted by pro se litigants...are not insulated from the rule that dismissal with prejudice is proper for failure to state a claim when it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." (omission in original) (internal quotation marks and citation omitted)). *Parker v. Dowling*, 625 F. App'x 343, 347 (10th Cir. 2015).

In this case, Mr. Martin's description of Defendant Fuller's conduct does not rise to the level of an Eighth Amendment violation. Thus, under the facts alleged, Mr. Martin cannot prevail on his excessive force claim against Defendant Fuller. Because the recommendation to dismiss is not based on a curable defect, but on the merits, I recommend dismissing the claim against

Defendant Fuller with prejudice. *C.f. Reynoldson*, 907 F.2d at 126 ("[W]here deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements, dismissal of the complaint without prejudice is preferable.").

**B. Plaintiff Has Not Shown Disputed Issues of Material Fact as to Whether the Use of Force by Defendant Rhyne Was Excessive**

In assessing excessive-force claims, the Tenth Circuit has recognized that "a prison guard, to maintain control of inmates, must often make instantaneous, on-the-spot decisions concerning the need to apply force without having to second-guess himself." *Sampley v. Ruettgers*, 704 F.2d 491, 496 (10th Cir. 1983) (internal quotation marks omitted). Therefore, "review of a claim of the use of excessive force in a prison is to be deferential to the prison." *Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997). In particular, "when prison officials must act to preserve internal order and discipline, we afford them wide-ranging deference." *Redmond v. Crowther*, 882 F.3d 927, 938 (10th Cir. 2018) (internal quotation marks and citation omitted). Although "[t]his deference does not insulate from review actions taken in bad faith and for no legitimate purpose," neither does it permit courts to "freely substitute their judgment for that of officials who have made a considered choice." *Id.* (internal quotation marks omitted).

To determine if an act of force is excessive under the Eighth Amendment, courts undergo a two-part inquiry. The first part "asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Redmond*, 882 F.3d at 936 (internal quotation marks omitted). The second part is a subjective question that asks whether the alleged offender "acted with a sufficiently culpable state of mind." *Id.* (internal quotation marks and citation omitted).

Under the objective prong, an excessive force claim cannot succeed if the use of force is both *de minimis* and "not of a sort repugnant to the conscience of mankind." *Brosh v. Duke*, 616 F. App'x 883, 888 (10th Cir. 2015) (internal quotation marks and citation omitted). The focus is

on the nature of the force used, not merely the seriousness of the inmate's injury. *Graham v. Sheriff of Logan Cty.*, 741 F.3d 1118, 1123 (10th Cir. 2013). In this case, Mr. Martin's excessive force claim against Defendant Rhyne stems from Defendant Rhyne's use of pepper spray after Mr. Martin was aggressive and did not comply with Defendants' orders. [Doc. 1, p. 10]. "Pepper spray is an instrument with which prison officers wield their authority, or force, and thus its use implicates the excessive use of force." *DeSpain v. Uphoff*, 264 F. 3d 965, 978 (10th Cir. 2001). Whether Defendants' use of pepper spray was objectively harmful enough to violate Mr. Martin's Eighth Amendment rights "turns in part on how long plaintiff was sprayed and whether he was adequately irrigated afterwards or left to suffer unnecessarily." *Norton v. The City of Marietta, OK*, 432 F.3d 1145, 1154 (10th Cir. 2005).

Video evidence shows that after Mr. Martin's initial refusal to comply with Defendants' orders, Defendant Rhyne disbursed pepper spray toward Mr. Martin's face twice. [DVD 00:50-01:03]. The first spray lasted approximately two seconds. [*Id.*, 00:50-00:52]. After the first spray, Mr. Martin still did not comply with Defendants' orders and after approximately ten seconds, Defendant Rhyne disbursed a second spray which also lasted approximately two seconds. [*Id.*, 01:01-01:03]. Mr. Martin then complied and submitted to wrist restraints. [*Id.*, 01:05]. He was escorted out of view of the camera approximately forty-five seconds after the first spray was disbursed. [*Id.*, 01:43]. Incident reports and Defendants' written statements regarding the incident indicate that Mr. Martin was called out of his pod at approximately 11:40 a.m. [Doc. 26-2, pp. 1-4]. The incident itself lasted less than two minutes. [DVD 00:50-01:43]. The Inmate Use of Force Injury Report indicates that Mr. Martin was taken to the facility's nurse at approximately 11:45 a.m. and refused medical treatment. [Doc. 26-2, pp. 6-8]. Based on this timeline, it appears that Mr. Martin was offered medical attention approximately one or two minutes after the pepper spray

was disbursed. [Doc. 26-2, pp. 1-8; DVD 00:50-01:43]. From this evidence, it cannot be said that the force used objectively harmful enough to establish a constitutional violation. *See Brosh*, 616 F. App'x at 888.

Under the subjective prong of the excessive force analysis, "[a]n official has a culpable state of mind if he uses force maliciously and sadistically for the very purpose of causing harm, rather than in a good faith effort to maintain or restore discipline." *Sayed v. Virginia*, 744 F. App'x 542, 549 (10th Cir. 2018) (internal quotation marks and citation omitted). "[A]n officer's conduct constitutes a use of force used maliciously and sadistically for the very purpose of causing harm where no legitimate penological purpose can be inferred from the conduct." *DeSpain*, 264 F.3d at 978 (internal quotation marks and citation omitted).

Here, Mr. Martin does not dispute Defendants' claims that he became verbally aggressive after Defendant Fuller addressed him regarding the lunch tray. [Doc. 1, p. 10; Doc. 29, pp. 2, 4]. Nor does he dispute that he did not comply with Defendants' orders to place his hands on the wall. [*Id.*]. Rather, Mr. Martin alleges that Defendant Rhyne maliciously sprayed him after Mr. Martin complied and placed his hands on the wall. [Doc. 1, p. 10; Doc. 29, pp. 2-4]. However, this claim is belied by the video evidence, which shows that Defendant Rhyne disbursed two two-second sprays while Mr. Martin was not complying with Defendant's orders and did not use the pepper spray after Mr. Martin complied. [DVD 00:50-01:43]. This indicates that Defendant Rhyne's use of force served a penological purpose—maintaining or restoring discipline—and was not employed maliciously and sadistically for the very purpose of inflicting pain or harm. *See Sayed*, 744 F. App'x at 549. As the Tenth Circuit has recognized, "prisoners cannot be permitted to decide which orders they will obey, and when they will obey them." *Redmond*, 882 F.3d at 938 (internal quotation marks omitted).

I find that Mr. Martin has not established that issues of material fact exist as to the objective or subjective prongs of the excessive force analysis and summary judgment in favor of Defendant Rhyne is appropriate. *See Redmond*, 882 F.3d at 936.

## III. RECOMMENDATION

For the foregoing reasons, I recommend that Mr. Martin's claim against Defendant Fuller be dismissed with prejudice and that summary judgment be granted on Mr. Martin's claim against Defendant Rhyne.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**